**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| GUSTAVO LUCIANO ARTILES,<br><br>　　　　Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of Social<br>Security,<br><br>　　　　Defendant. | Case No.  CV 14-743  AJW<br><br><br>**MEMORANDUM OF DECISION<br>AND ORDER** |

Plaintiff filed this action seeking reversal of the decision of defendant, the Commissioner of the Social Security Administration (the "Commissioner"), denying plaintiff's applications for disability insurance benefits and supplemental security income ("SSI") benefits.  The parties have filed a Joint Stipulation ("JS") setting forth their contentions with respect to each disputed issue.

**Administrative Proceedings**

The parties are familiar with the procedural facts. [See JS 1-2]. In a written hearing decision that constitutes the Commissioner's final decision in this matter, the ALJ found that plaintiff retained the residual functional capacity ("RFC") to perform a restricted range of light work, and that his RFC did not preclude him from his past relevant work. [JS 1-2; Administrative Record ("AR") 21-29]. Therefore, the ALJ concluded that plaintiff was not disabled at any time through the date of her decision. [JS 2; AR 29-30].

**Standard of Review**

The Commissioner's denial of benefits should be disturbed only if it is not supported by substantial evidence or is based on legal error. Stout v. Comm'r, Social Sec. Admin., 454 F.3d 1050, 1054 (9th Cir. 2006); Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002). "Substantial evidence" means "more than a mere scintilla, but less than a preponderance." Bayliss v. Barnhart, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005). "It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (internal quotation marks omitted). The court is required to review the record as a whole and to consider evidence detracting from the decision as well as evidence supporting the decision. Robbins v. Social Sec. Admin, 466 F.3d 880, 882 (9th Cir. 2006); Verduzco v. Apfel, 188 F.3d 1087, 1089 (9th Cir. 1999). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." Thomas, 278 F.3d at 954 (citing Morgan v. Comm'r of Social Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999)).

**Discussion**

Plaintiff contends that the ALJ erred in improperly rejecting the opinions of plaintiff's workers' compensation treating psychiatrist, Thomas Curtis, M.D., and his associate, psychologist William Kaiser, Ph.D., whose findings and conclusions are incorporated into Dr. Curtis's workers' compensation reports.

The ALJ found that plaintiff had severe impairments consisting of depression, hypertension, sleep apnea, and abnormal stress echocardiogram. [AR 23]. The ALJ further found that plaintiff could lift and carry up to twenty pounds occasionally and ten pounds frequently; stand and/or walk up to three hours each in an 8-hour workday; sit up to two hours in an eight-hour workday; occasionally perform postural activities except crawling, which was precluded; and could not perform fast-paced assembly-line work. [AR 25].

The ALJ noted that Dr. Curtis treated plaintiff through workers' compensation for a history of anxiety and depression. [AR 27-28; see AR 324-365, 377-425, 444-473, 655-658]. Dr. Curtis diagnosed depressive disorder, not otherwise specified ("NOS"), with anxiety and panic attacks, and "psychological factors affecting medical condition." [AR 343, 358, 460]. He prescribed

psychotropic medications, psychotherapy, and stress-reduction biofeedback. [AR 344-345, 361-362]. In August 2010, Dr. Curtis concluded that plaintiff was "temporarily totally disabled" for workers' compensation purposes.[1] In March 2011 Dr. Curtis opined that plaintiff had been temporarily totally disabled from April 2010 and would remain temporarily totally disabled for some period of time. [AR 27-28; see AR 344, 359, 463; see also AR 303-305]. At that time, Dr. Curtis found that plaintiff had marked impairments in social functioning, marked deterioration or decompensation in complex work-like situations, and moderate limitations in activities of daily living and in concentration, persistence, and pace. [AR 27, 464]. In March 2012, Dr. Curtis completed a medical source statement opining that plaintiff had a "severe depressive disorder" that caused marked limitations in all four of those functional areas, limited plaintiff to "low stress" jobs, and likely would cause him to miss work six days a month. [AR 28, 655-658].

The ALJ rejected Dr. Curtis's opinion in favor of the opinions of a workers' compensation qualified medical examiner in psychiatry, Dr. Anselen, and the Commissioner's examining psychologist, Dr. Case, because Dr. Curtis "only treated [plaintiff] for six months and based on the records, it appears the basis for [plaintiff's] problem was an inability to get along with certain supervisors, not an inability to do the work." [AR 29].

In general, "[t]he opinions of treating doctors should be given more weight than the opinions of doctors who do not treat the claimant." Orn v. Astrue, 495 F.3d 625, 632 (9th Cir. 2007) (citing Reddick v. Chater, 157 F.3d 715, 725 (9th Cir. 1998)); see Tonapetyan v. Halter, 242 F.3d 1144, 1148 (9th Cir. 2001). A treating or examining doctor's opinion that is contradicted by another

---

[1] For California workers' compensation purposes, a "period of temporary total disability" means "that period when the employee is totally incapacitated for work and during which he may reasonably be expected to be cured or materially improved with proper medical attention." Jenkins v. Astrue, 628 F. Supp. 2d 1140, 1145 n.1 (C.D. Cal. 2009) (quoting W.M. Lyles Co. v. Workmen's Comp. Appeals Bd., 3 Cal. App. 3d 132, 136 (1969) and citing Rissetto v. Plumbers & Steamfitters Local 343, 94 F.3d 597, 600, 605 (9th Cir.1996) (stating that an individual is "temporarily totally disabled" under California workers' compensation law if that individual is "totally incapacitated" and "unable to earn any income during the period when he is recovering from the effects of the injury," and that a claimant who applies for temporary total disability benefits "necessarily assert[s] that she [is] unable to work") (internal quotation marks and citations omitted).

1 doctor's opinion may be rejected only for specific and legitimate reasons that are based on
2 substantial evidence in the record. Orn, 495 F.3d at 632; Tonapetyan, 242 F.3d at 1148-1149; Lester
3 v. Chater, 81 F.3d 821, 830-831 (9th Cir. 1995).

4       The ALJ's reasons for rejecting Dr. Curtis's opinion are not based on substantial evidence
5 in the record. Plaintiff's treatment records indicate that he received treatment from Dr. Curtis and
6 his associates on a weekly, bi-weekly, or monthly basis from July 30, 2010 through March 18, 2011,
7 a period of approximately eight months. [See AR 380-473]. Other evidence in the record suggests
8 that plaintiff's treatment relationship with Dr. Curtis may have extended over a period of more than
9 18 months, but the record is ambiguous in that respect. In his March 2012 medical source statement,
10 for example, Dr. Curtis said that plaintiff had been seen "monthly" since July 2010, but there are no
11 treatment records from Dr. Curtis postdating March 2011. [AR 655]. During the March 2012
12 administrative hearing, plaintiff testified that he had current prescriptions for antidepressants and
13 sleep medication from Dr. Curtis, but he did not testify about the duration or frequency of his
14 treatment with Dr. Curtis. [AR 67-70].

15       Although the record is ambiguous as to the exact nature and extent of plaintiff's treatment
16 with Dr. Curtis, he treated plaintiff long enough and frequently enough to develop a longitudinal
17 picture of plaintiff's mental impairments that the examining physicians lacked. See 20 C.F.R. §§
18 404.1527(c), 416.927(c) (explaining that treating source opinions are given more weight because
19 those sources are likely to be most able to provide a "detailed, longitudinal picture" of the claimant's
20 medical impairments, and explaining that the length, frequency, nature and extent of treatment are
21 among the factors weighed in evaluating treating source opinions); see also Ghokassian v. Shalala,
22 41 F.3d 1300, 1303 (9th Cir. 1994) (holding that the conclusions of a physician who treated the
23 claimant twice in fourteen months were entitled to deference). Furthermore, the record contradicts
24 the ALJ's assertion that Dr. Curtis based his opinion merely upon plaintiff's "inability to get along
25 with certain supervisors, not an inability to do the work." [AR 29]. Dr. Curtis and his associates
26 documented detailed subjective symptoms, mental status examining findings, and psychological test
27 results supporting their conclusions. [See. e.g., AR 404-425, 444-473].

28       Dr. Case and Dr. Anselen, on the other hand, each examined plaintiff once. Dr. Case

conducted a mental status examination but had no medical records available to review and administered no psychological tests. She opined that plaintiff had an adjustment order with depression and anxiety that caused no more than "mild interruptions from current psychiatric conditions during a workday." [AR 372-376]. See Social Security Ruling 96-5p, 1996 WL 374183, *4 (noting that a medical source may provide an "incomplete picture" of an individual's abilities where there is medical and other evidence in the record that is not known to the medical source).

Dr. Anselen reviewed medical records, administered psychological tests, and conducted a mental status examination and a neurological examination. [AR 642-649]. He diagnosed anxiety disorder NOS with underlying psychological factors affecting plaintiff's physical condition. [AR 648]. Dr. Anselen opined that as of June 28, 2011, plaintiff "was no longer disabled and is able to return to the labor market." [AR 649]. However, Dr. Anselen did not offer an opinion about plaintiff's mental functional limitations or his ability to work before June 28, 2011. Therefore, with respect to the period from plaintiff's alleged onset of disability in April 2010 to June 28, 2011, Dr. Anselen's opinion is not inconsistent with Dr. Curtis's opinion and does not constitute substantial evidence regarding plaintiff's mental RFC.

The ALJ did not meet his burden to articulate specific and legitimate reasons for rejecting Dr. Curtis's opinion, but since it is not clear that the ALJ would be required to award benefits if the record were fully developed and free of ambiguity, the appropriate remedy is a remand for further administrative proceedings. See Treichler v. Colvin, 775 F.3d 1090, 1107 (9th Cir. 2014) (remanding for further proceedings in light of "conflicts and ambiguity" in the record). On remand, the Commissioner is directed to take steps to ensure that the record is fully and fairly developed and to issue a new hearing decision containing appropriate findings consistent with this memorandum of decision.[2]

///

---

[2] This disposition makes it unnecessary to consider plaintiff's remaining contentions. On remand, the credibility of plaintiff's subjective complaints, plaintiff's RFC, and plaintiff's ability to perform his past relevant work should be reevaluated in light of a proper assessment of the medical opinion evidence and the record as a whole.

**Conclusion**

For the reasons stated above, the Commissioner's decision is **reversed**, and the matter is **remanded to the Commissioner for further administrative proceedings consistent with this memorandum of decision.**

**IT IS SO ORDERED.**

September 29, 2015

_____
ANDREW J. WISTRICH
United States Magistrate Judge